### GAIR v. GEFFNER.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

BILLS AND NOTES &#9758;523—ACTION ON CHECK—PROOF OF VALID TRANSFER.

> Where, in an action on a check given by defendant to B., indorsed by the payee and C. T. & Sons, and claimed by plaintiff to have been received by him from C. T. & Sons, one W. T. testified that the indorsement was in his handwriting, and that he got the check from B., "gave money for it," and sold it to plaintiff after payment had been refused, but there was no proof of the relation between W. T. and C. T. & Sons or proof that C. T. & Sons transferred the check to plaintiff, judgment was properly rendered for defendant.

> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1822–1825; Dec. Dig. &#9758;523.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry A. Gair, as assignee, against Isaac Geffner. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Benjamin Berinstein, of New York City, for appellant.
David Scheinhorn, of New York City, for respondent.

PER CURIAM. This action was brought by the plaintiff upon a check given by defendant to one Bolinskie. Plaintiff claims to have received the check from Charles Thomas & Sons. The check bears the indorsement of the payee and of Charles Thomas & Sons. Upon

---

the trial one William Thomas was sworn and testified that the indorsement Charles Thomas & Sons on the check was in his handwriting, and that he got it from Bolinskie, and that he "gave money for it." He sent it to the bank, and it was returned "payment stopped," and he then sold it to Gair, the plaintiff. At the close of the trial the court below gave a judgment for the defendant. It is clear that there was a material defect in plaintiff's proof. What relation William Thomas, who concededly indorsed upon the check the words "Charles Thomas & Sons," stood to these parties, in no way appears, nor was it shown that Charles Thomas & Sons transferred the check to the plaintiff. The judgment should be affirmed, without prejudice to a new action.

Judgment affirmed, with costs, but without prejudice to a new action.